**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **VERNON CASTLE BROWN JR.,** Petitioner, v. **J.B. WALKER,** Respondent. | **Case No. CV 11-7476-CAS(AJW)** **MEMORANDUM AND ORDER DISMISSING PETITION** |

Petitioner filed this petition for a writ of habeas corpus on September 12, 2011. For the following reasons, the petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

To begin with, the Court cannot discern the factual or legal basis for petitioner's claims. Although petitioner indicates that he seeks to challenge prison discipline [Petition at 2], he does not indicate when that discipline occurred, what the discipline consisted of, or any claims for relief. [Petition at 5-6]. Instead, in the space provided for Ground one, petitioner writes "No. #9." In the space provided for supporting facts, petitioner writes, "The United States Law." [Petition at 5]. Petitioner does not include any other

allegations.

Although petitioner attaches a copy of a petition allegedly prepared for the Ninth Circuit Court of Appeals, that petition indicates that it challenges petitioner's sentence. [Petition, Attachment 2 at 2]. In any ~~case~~ event, that petition is equally indecipherable. For example, in the single claim for relief, petitioner alleges the following:

> Murder 1 and 1 robbery and immunity and murder 1 degree 9th Circuit Rules 22.1 and Federal.R.App.P.22(b), 28 U.S.C. § 753(F) Federal R.App.P.25(A)(2)(B). Case: Price vs. Georgia (1970 of 1977) The 9th Circuit Rule 3-3. Federal Rules. App.P. 28-32-5....

[Petition, Attachment 2 at 3].

Rule 4 of the Rules Governing Section 2254 Cases provides that the Court shall summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...." Summary dismissal pursuant to Rule 4 is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false." Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)). As pleaded, the petition filed in this case is subject to summary dismissal because the allegations are vague, incredible, and frivolous. See generally O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (explaining that "notice pleading is not sufficient," and that the petition must state facts pointing to a "real possibility of constitutional error")(quoting Blackledge, 431 U.S. at 75 n. 7), cert. denied, 498 U.S. 1096 (1991).

Furthermore, to the extent that petitioner attempts to challenge his 2001 murder conviction, this court lacks jurisdiction over his petition. This is the fifth habeas petition petitioner has filed in this Court.[1] The first petition, filed in Case No. CV 03-7528-FMC(AJW), challenged petitioner's 2001 murder conviction in the Los Angeles County Superior Court. That petition was denied on the merits on June 8, 2004. Petitioner filed a second petition challenging the same conviction, in Case No. CV 04-4250-R(AJW). That petition was dismissed as successive on August 25, 2004. Petitioner's third petition, filed in Case No. CV 11-4338-CAS(AJW), was dismissed on July 19, 2011. Petitioner's fourth petition, filed in Case No. CV 11-4691-CAS(AJW), was dismissed on June 10, 2011. If petitioner again seeks to challenge petitioner's 2001 murder conviction, the petition must be dismissed as successive. See 28 U.S.C. §§ 2244(b)(2)& 2244(b)(3); see Felker v. Turpin, 518 U.S. 651, 656-657 (1996); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir.), cert. denied, 519 U.S. 1102 (1997).

For the foregoing reasons, the petition is dismissed.

**It is so ordered.**

Dated: 9/30/11

Christina A. Snyder
United States District Judge

---

[1] Many of the facts are obtained from the Court's files concerning petitioner's prior petitions. The Court may take judicial notice of such official court files. See Fed.R.Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).